**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jefferson Gatewood,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | CV-16-08238-PCT-JAT<br>CR-11-8074-PCT-JAT<br><br>**ORDER** |

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (as amended) and Motion to Appoint Counsel (Doc. 21[1]). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation (hereinafter "R&R") (Doc. 19) recommending that this Court deny the motion to vacate, set aside or correct sentence. Movant has filed objections (Doc. 20) to the R&R, and Respondent has filed a reply (Doc. 22) to those objections.

**I.   REVIEW OF R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (The district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the

---
[1] All citations are to CV 16-8238 unless otherwise noted.

parties object."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, the Court will review the portion of the R&R to which Movant objected *de novo*.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The R&R recounts the factual and procedural background of this case, and neither party objected to this summary. (R&R at 2). The Court accepts this portion of the R&R.

## III. MOTION TO APPOINT COUNSEL

On November 2, 2018, Movant filed a "Motion to Request Assistance of Counsel," (Doc. 21), in which he requests this Court appoint counsel. In support of his Motion, Movant alleges that counsel is necessary because of his inability as a federal prisoner to investigate claims and interview witnesses. (Doc. 21 at 3).

Appointment of counsel is mandatory pursuant to Rule 8(c) of the Rules Governing § 2255 Cases when an evidentiary hearing is required, *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a) of the Rules Governing § 2255 Cases. Appointment is also required when the complexities of the case are such that lack of counsel would equate with denial of due process. *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446–47 (9th Cir. 1962)). There is presently no indication that lack of counsel would result in the denial of due process.

Otherwise, the court must determine whether the "interests of justice" require the appointment of counsel. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of

the likelihood of success on the merits and movant's ability to articulate his claim in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Movant has articulated his claims well and the legal issues are not inherently complex. Additionally, Movant pleaded sufficiently well to move the Court to order Respondent to file responsive pleadings. Under such circumstances, the interests of justice do not warrant appointment of counsel. Therefore, the request for appointment of counsel will be denied.

## IV. MOVANT'S OBJECTIONS

In his Motion to Vacate, Movant raises two theories of ineffective assistance of counsel against his trial counsel (Doc. 1 at 4–5) and "challenges the sufficiency of the evidence offered to prove the Indian status element of his crimes, where the determination of his Indian status was not submitted to the jury for a finding of fact[.]" (Doc. 13 at 2).

### A. Grounds One and Two

The R&R recounts the law governing ineffective assistance of counsel claims. (Doc. 19 at 2–3). Neither party objected to this legal standard; the Court hereby accepts it. Specifically, the R&R recounts:

> "Under *Strickland v. Washington*, 466 U.S. 668 [] (1984), a defendant claiming ineffective assistance of counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Under the first prong, a defendant must show that a counsel's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687–88. When assessing the reasonableness of counsel's past performance, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "A reasonable tactical choice based on adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997).
>
> With respect to the second prong, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington v. Richter*, [562 U.S. 86, 112] [] (2011) (quoting *Strickland*, 466 U.S. at 696). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only

in the rarest case.'" *Id.* (quoting *Strickland*, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693).

(Doc. 19 at 2–3).

### 1. Witness Testimony at Trial

In Ground One, Movant alleges that his trial counsel's performance was constitutionally ineffective for "failing to present witness testimony at trial to counter government witness testimony." (Doc. 1 at 4). The R&R found that Movant "failed to show that his defense counsel's choice of defense witnesses was unreasonable," (Doc. 19 at 3), and that Movant "failed to show that his defense counsel's direct and cross-examination of witnesses fell below an objective standard of reasonableness as measured by prevailing professional norms." (Doc. 19 at 4). Neither party objected to this finding. Accordingly, it is accepted and adopted.

### 2. Alleged Failure to Investigate Adverse Witness Testimony

In Ground Two, Movant argues that his trial counsel was ineffective because defense counsel "failed to pursue exculpatory evidence from witnesses who were forced by prosecutors to testify falsely against [Movant]." (Doc. 2 at 19). In support of this claim, Movant submitted a statement from S.C., who testified as a prosecution witness. (CR Doc. 502 at 474–522). In her statement, S.C. states that she did not want to testify, but does not state that she testified falsely. (Doc. 2 at 33). Therefore, the R&R found that this statement did not "support post-conviction relief" and recommended that this Court find that Movant has not shown ineffective assistance of counsel on this claim. (Doc. 19 at 4).

Movant objects, claiming that if counsel had interviewed certain witnesses before trial, counsel would have discovered that the witnesses were "falsely accus[ing]" Movant. (Doc. 20 at 2).[2] Movant states that because discovering the falsity of witness testimony

---

[2] The record shows that counsel attempted to interview the victims before trial. The Government disclosed the names of the victims to defense counsel. (C.R. Doc. 203 at 3). On behalf of the defense, the Government delivered requests for interviews to the victims. (*Id.*). The victims declined. (*Id.*). As such, counsel's attempt to interview the victims before trial easily falls within the objective standard of reasonableness required by *Strickland*.

- 4 -

would have been "exculpatory information," his counsel's failure to uncover the alleged falsity of witness testimony shows ineffective assistance of counsel. (*Id.*).

Movant has failed to show prejudice. To satisfy *Strickland*, Movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In order to meet *Strickland*'s prejudice standard, "the likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 792. Movant has not shown any likelihood of a different result. Movant's statement from S.C. does not show that she testified falsely. Movant has shown no evidence either that victims testified falsely or that victims' testimony would have changed in any way based on a pre-trial interview with defense counsel. Therefore, Movant has not shown a reasonable probability that, if defense counsel had interviewed the victims before trial, the results of the proceeding would have been different.

Because Movant can show neither prong of ineffective assistance of counsel as required by *Strickland*, the Court finds Movant's counsel was not ineffective.

### 3. Evidentiary Hearing

At the end of his objections, Movant includes a request for an evidentiary hearing to determine whether prosecution witnesses testified falsely. (Doc. 20 at 3). "When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (quoting 28 U.S.C. § 2255). "Evidentiary hearings are particularly appropriate when 'claims raise facts which occurred out of the courtroom and off the record.'" *Chacon-Palomares*, 208 F.3d at 1159 (quoting *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989)). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). "On the other hand, the petitioner need not detail his evidence, but must only make specific factual allegations which, if true, would entitle him to relief." *Id.* (citing *United States v. Hearst*, 638 F.2d

1190, 1194–95 (9th Cir. 1980). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998) (citation omitted).

In support of his claim, Movant alleges that, at some time after filing his § 2255 Motion, government agents warned M. E. and other residents of R. E.'s home "not to help the [Movant] in his case," while at the residence on an unrelated matter. (Doc. 20 at 2). In order to merit an evidentiary hearing, Movant must "make specific factual allegations which, if true, would entitle him to relief." *Baumann*, 692 F.2d at 571. Even if Movant's allegations are true, recent communication between government agents and residents of the E. home would not entitle him to relief on his ineffective assistance of counsel claim. Although Movant's allegations did occur outside the courtroom, they are unrelated to the past performance of his defense counsel.

Here, the issue of an evidentiary hearing is only relevant as to the claim of ineffective assistance of counsel. The record in this case shows that counsel both investigated and attempted to interview prosecution witnesses. There is nothing outside of the record that could be developed that would change those facts. In his objections, Movant has shown no prejudice. Movant does not cite to any evidence which would support his claim of ineffective assistance of counsel. The files and record conclusively show Movant is entitled to no relief and accordingly, no evidentiary hearing is necessary.

**B. Ground Three**

In Ground Three, Movant challenged "the sufficiency of the evidence offered to prove the Indian status element of his crimes, where the determination of his Indian status was not submitted to the jury for a finding of fact." (Doc. 13 at 2). The R&R stated that the parties stipulated to the fact that Movant "was an Indian at the time of the charged offenses," (CR Doc. 366), during trial, and the Court granted the stipulation. (CR Doc. 413). The R&R recommended that the Court deny Ground Three as it is without merit, and neither party objected to this. (Doc. 19 at 5). Accordingly, the Court accepts it.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Motion to Appoint Counsel (Doc. 21) is denied; the objections (Doc. 20) are overruled; the R&R (Doc. 19) is accepted; the Motion to Vacate, Set Aside, or Correct the Sentence (as amended) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability and leave to proceed *in forma pauperis* on appeal because Movant has not made a substantial showing of the denial of a constitutional right.

Dated this 11th day of February, 2019.

James A. Teilborg
Senior United States District Judge